**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Gilbert Noriega, individually, and as successor-in-interest to Jason Noriega

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

GILBERT NORIEGA, individually and as successor in interest to Decedent Jason Noriega,

    Plaintiff,

    vs.

COUNTY OF SAN BERNARDINO; and DOES 1 through 100, inclusive,

    Defendants.

Case No.

COMPLAINT FOR DAMAGES FOR:

1. Due Process – Interference with Familial Relationship (42 U.S.C. 42 § 1983);
2. Excessive / Unreasonable Force (42 U.S.C. § 1983, 4th Amendment);
3. Failure to Provide Medical Care / Condition of Confinement (42 U.S.C. 42 § 1983, 8th and 14th Amendment);
4. State Created Danger Doctrine (42 U.S.C. 42 § 1983, 14th Amendment);
5. Due Process – Deprivation of Life Without Due Process (42 U.S.C. 42 § 1983);
6. Municipal Liability – Unlawful Custom, Practice and/or Policy (42 U.S.C. 42 § 1983);

COMPLAINT FOR DAMAGES
1

)
)   7.  Municipal Liability – Inadequate
)       Training (42 U.S.C. 42 § 1983);
)   8.  Wrongful Death (Cal. Civil Proc.
)       Code § 377.60);
)   9.  Negligence (wrongful death);
)  10. Violation Of Government Code
)      §845.6 – Failure To Provide
)      Immediate Medical Care;
)  11. Battery;
)  12. Cal. Civil Code § 52.1;
)  13. Medical Negligence.

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff Gilbert Noriega, individually and as successor in interest to

Decedent Jason Noriega, and hereby alleges and complains as follows:

**JURISDICTIONAL ALLEGATIONS**

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction

over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of San

Bernardino, State of California, within the territorial jurisdiction of this court, venue

properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     As Plaintiff's claims brought under California state law arise out of the same

transactions and occurrences, and out of a common nucleus of operative facts as the

Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's

COMPLAINT FOR DAMAGES
2

California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4.     Plaintiff timely filed his Government Claim for Damages with Defendant County of San Bernardino and filed this lawsuit within six months of the rejection of his claim.

## **GENERAL ALLEGATIONS**

5.     Plaintiff Gilbert Noriega, is a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, State of California. Gilbert Noriega is also the legal and natural father of Decedent Jason Noriega. Gilbert Noriega sues in his individual capacity as the father of Jason Noriega and also as successor in interest to Jason Noriega. Gilbert Noriega seeks both survival and wrongful death damages under federal and state law.

6.  Jason Noriega died intestate on January 13, 2023, as a direct and proximate result of the conduct of the defendants complained of in this action.

7.  Defendant County of San Bernardino, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court. Defendant COUNTY includes the San Bernardino County Sheriff's Department and San Bernardino County medical providers, including Arrowhead Regional Medical Center.

8.     Defendants DOES 1 through 3, inclusive, are sworn peace officers and / or deputy sheriffs and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the San Bernardino County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9.     At all times complained of herein, DOES 1 through 3, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the San Bernardino County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

10.     Defendants 4 through 6, inclusive, are medical doctors and/or doctors of osteopathy and/or nurses and/or physicians assistants and/or any other medical care providers acting under the color of state law, employed by COUNTY and/or COUNTY medical facilities, including Arrowhead Regional Medical Center, and were acting in the course and scope of their employment with defendant COUNTY.

11.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by San Bernardino County Sheriff's Department and/or defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the San Bernardino County Sheriff' Department for, *inter alia*,: 1) failing to adequately provide medical care to their inmates; 2) using excessive force against inmates; 3) providing unlawful conditions of confinement; 4) fabricating evidence; and 5) covering up tortious conduct by San Bernardino County Sheriff's Department peace officers.

12.     Defendants 7 through 10, inclusive, are liable to plaintiff via supervisory liability (e.g., failure to properly supervise, improperly directing subordinate officers and/or approving unconstitutional actions of subordinate officers), bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other

officers), and/or by creating and/or contributing to the creation of the policies, practices, customs, and/or usages of the County of San Bernardino[1] for:

    a)  having a longstanding custom and practice of condoning and/or otherwise failing to prevent[2] its deputy sheriffs / custodial officers / special officers / other jail personnel from bringing dangerous narcotic drugs like methamphetamine, heroin and methamphetamine into the San Bernardino County Jails, including the West Valley Detention Center, for sales and distribution to inmates at those jail facilities, after being placed on notice that San Bernardino County deputy sheriffs / custodial officers / special officers / other jail personnel have for many years now been doing just that; said conduct resulting in the deaths of many inmates at the various San Bernardino County Jail facilities, including the West Valley Detention Center;

    b)  having a longstanding custom and practice of failing to train its deputy sheriffs / custodial officers / special officers / other jail personnel on how and when to provide medical care to jail inmates at the San Bernardino County Jails, including the West Valley Detention Center, who appear to be in serious / acute medical distress;

    c)  having a longstanding custom and practice of failing to train its deputy sheriffs / custodial officers / special officers / other jail personnel on how to prevent inmates and others from bringing illicit drugs, including dangerous narcotics and amphetamines, into the San Bernardino County Jails, including the West Valley Detention Center;

    d)  failing to take reasonable measures and precautions to prevent inmates

---

[1] And/or some other public entity.
[2] Via failing to discipline and/or failing to otherwise take corrective measures to prevent, such as the screening of San Bernardino County Jail deputy sheriffs, Sheriff's special officers, custodial assistants and other jail staff and personnel.

and others from bringing illicit drugs, including dangerous narcotics and amphetamines, into the San Bernardino County Jails, including the West Valley Detention Center;

e) having a longstanding custom and practice of failing to train its deputy sheriffs / custodial officers / special officers / other jail personnel on how to recognize when inmates are suffering from severe medical distress situations that require immediate medical attention and care, such as when inmates are suffering from drug overdoses;

f) having a longstanding custom and practice of failing to provide medical care to jail Inmates at the San Bernardino County Jails, including the West Valley Detention Center, who appear to be in serious / acute medical distress, such as when they are suffering from drug overdoses, and

g) having a longstanding custom and practice of failing to discipline and/or to train its deputy sheriffs / custodial officers / special officers / other jail personnel, for failing to provide medical care to jail Inmates at the San Bernardino County Jails, including the West Valley Detention Center, who appear to be in serious / acute medical distress, such as when they are suffering from drug overdoses;

13.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriffs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the San Bernardino County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

COMPLAINT FOR DAMAGES

14.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the San Bernardino County Department and/or otherwise with defendant COUNTY[3].

15.     Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

16.     In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff and decedent of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

17.     Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

---

[3] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

8

18.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**LOSS OF PARENT-CHILD RELATIONSHIP WITHOUT DUE PROCESS OF THE LAW UNDER THE FOURTH AND FOURTEENTH AMENDMENTS**
**(Against DOES 1 through 10, inclusive)**

19.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20.    On January 9, 2023, plaintiff's decedent, Jason Gilbert, was arrested by the San Bernardino County Sheriff's Department and was immediately taken to Arrowhead Regional Medical Center. Decedent Jason Gilbert was in critical condition.

21.    Notwithstanding the fact that Decedent Jason Gilbert was still in critical condition, on January 10, 2023, DOES 4 through 6, inclusive, knowingly prematurely released Decedent Jason Gilbert from Arrowhead Regional Medical Center.

22.    San Bernardino County Sheriff's Department Deputies Defendants 1 through 3, inclusive, transported Decedent Jason Noriega from Arrowhead Regional Medical Center to the San Bernardino County Jail, West Valley Detention Center.

23.    During the booking process at the West Valley Detention Center, Decedent

Jason Noriega suffered a medical emergency[4] and was taken back to Arrowhead Regional Medical Center.

24.     On January 13, 2023, DOES 4 through 6, inclusive, again knowingly prematurely discharged Decedent Jason Noriega from Arrowhead Regional Medical Center and was taken back to West Valley Detention Center. During the transfer process and when Decedent Jason Noriega reached the parking lot of the West Valley Detention Center, he was found to be unresponsive and was pronounced dead. Defendants DOES 4 through 6, inclusive, repeated premature discharge of Decedent Jason Noriega, caused the death of Decedent Jason Noriega.

25.     Alternatively, during his confinement at the West Valley Detention Center, Jason Noriega was provided with dangerous narcotic drugs by inmates at said jail, with DOES 1 through 3, inclusive, knowing that said inmates at the jail were providing said dangerous narcotic drugs to other inmates at the jail, including inmate Jason Noriega, and with DOES 1 through 3, inclusive, while having the opportunity to prevent said other inmates from distributing said dangerous narcotic drugs, failing to stop them from doing so.

26.     Also alternatively, following his arrest and confinement at the West Valley Detention Center, and while he was so confined at said jail, Jason Noriega was provided

---

[4] Said medical emergency was caused by DOES 4 through 6, inclusive, knowingly prematurely discharging him from Arrowhead Medical Regional Center.

COMPLAINT FOR DAMAGES

with dangerous narcotic drugs by inmates at said jail, with DOES 1 through 3, inclusive, knowing that said inmates at the jail were providing said dangerous narcotic drugs to other inmates at the jail, including inmate Jason Noriega, while / because DOES 1 through 3, inclusive, were being paid by said other inmates at the West Valley Detention Center to permit them to sell and distribute said dangerous narcotic drugs at the jail.

27.    Also alternatively, Jason Noriega was provided with dangerous narcotic drugs by inmates at said jail, with DOES 1 through 3, inclusive, because the West Valley Detention Center officials, including high level and/or lower-level jail deputies and supervisors, failed to take reasonable measures and precautions to prevent persons from bringing illicit drugs, including dangerous narcotics and amphetamines, into the San Bernardino County Jails, including the West Valley Detention Center.

28.    Also alternatively, Defendants DOES 1 through 3, inclusive, used unreasonable / excessive force against Decedent Jason Noriega during the arrest process and while incarcerated at the West Valley Detention Center. Defendants DOES 1 through 3, inclusive, beat Decedent Jason Noriega for no legitimate law enforcement purpose. At the time the force was used against Decedent Jason Noriega, he did not pose a threat to anyone.

29.    As a result of the actions of DOES 1 through 6, inclusive, under at least one of the alternative theories of liability factually set forth above, Jason Noriega faced a substantial risk of serious harm as well as facing a serious medical need.

COMPLAINT FOR DAMAGES
11

30.    Defendants DOES 1 through 6, inclusive, were deliberately indifferent to that serious risk of serious physical harm posed to Jason Noriega by their conduct complained of alternatively above, and said defendants knew of it and disregarded it by failing to take reasonable measures to address it.

31.    In addition, defendants DOES 1 through 6, inclusive, were deliberately indifferent to that serious medical need and acute medical distress faced by Jason Noriega, and said defendants knew of it and disregarded it by failing to take reasonable measures to address it, all in violation of plaintiff's decedent's rights under the Eighth / Fourteenth Amendments to the United States Constitution.

32.    As a direct and proximate result of defendants DOES 1 through 6, inclusive's, actions and omissions complained of above, plaintiff's decedent Jason Noriega suffered severe pre-death pain and suffering, severe pre-death mental and emotional injuries, pain and suffering, other general and special damages, as well as his death on January 13, 2023.

33.    In addition, as a direct and proximate result of defendants DOES 1 through 6, inclusive's, actions and omissions complained of above, plaintiff's decedent Jason Noriega also suffered lost wages/profits and other income that plaintiff's decedent Jason Noriega would have earned/made / acquired during his lifetime, the hedonic damages to Jason Noriega caused by the loss of Jason Noriega's life, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all of said

injuries and damages to Jason Noriega totaling an amount to be shown at trial, in excess of $20,000,000.00.

34.    The conditions of confinement described above, constitutes conduct by defendants DOES 1 through 6, inclusive, that was done maliciously and in reckless disregard plaintiff's decedent Jason Noriega's federal constitutional rights, sufficient for an award of punitive damages against defendants DOES 1 through 6, inclusive, in an amount in excess of $20,000,000.00 against each defendant.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**EXCESSIVE/UNREASONABLE USE OF FORCE UPON PERSON UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(Against DOES 1 through 3, inclusive)**

35.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16 inclusive, above, as if set forth in full herein.

36.    At all times complained of in this action, Defendants DOES 1 through 3, inclusive, were acting under the color of state law and within the course and scope of their employment with COUNTY.

37.    The actions of Defendants DOES 1 through 3, inclusive, as complained above herein, constituted a violation of Jason Noriega's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful, unreasonable and excessive force upon his person.

38.    Plaintiff brings this claim as the successor-in-interest to Jason Noriega, and

seek survival damages pursuant to Cal. Civ. Proc. Code § 377.30, including physical and mental pre-death pain and suffering, Jason Noreiga's loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Jason Noriega's rights. Jason Noriega incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $20,000,000.00.

39.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Jason Noriega's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save for defendant COUNTY, in an amount to be proven at trial which is in excess of $20,000,000.00.

### THIRD CAUSE OF ACTION
**Violation of 42 U.S.C. 42 § 1983**
**Pre-Trial Detainee's Claim Re Conditions of Confinement**
**Failure to Provide Medical Care**
**(U.S. Const. Amends. 8 & 14)**
**(Against Defendants DOES 1 through 6, inclusive)**

40.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41.     As set forth above, on January 9, 2023 plaintiff's decedent Jason Noriega was arrested and taken into custody at the San Bernardino County Jail, West Valley Detention Center, in the Rancho Cucamonga, San Bernardino County, California where he was incarcerated as a pretrial detainee - inmate in that facility.

COMPLAINT FOR DAMAGES
14

42.    Also as set forth above, thereafter, while in custody at the West Valley Detention Center, Jason Noriega was sold or otherwise provided with dangerous narcotic drugs by DOES 1 through 3, inclusive, while Jason Noriega was still in-custody and still confined as a pre-trial detainee and inmate at the West Valley Detention Center.

43.    Also as set forth above, also alternatively, following his January 9, 2023 confinement at the West Valley Detention Center, and while he was so confined at the West Valley Detention Center, Jason Noriega was provided with dangerous narcotic drugs by inmates at said jail, with defendants DOES 1 through 3, inclusive, knowing that said inmates at the jail were providing said dangerous narcotic drugs to other inmates at the jail, including knowing that Jason Noriega had been provided with dangerous narcotic drugs by defendants DOES 1 through 3, inclusive, and/or by inmates at said jail.

44.    Also as set forth above, defendants DOES 1 through 3, inclusive, knew that dangerous narcotic drugs and/or along with other drugs, are deadly to humans.

45.    Also as set forth above, defendants DOES 1 through 3, inclusive, used unreasonable / excessive force against Plaintiff's Decedent Jason Noriega, in violation of the Fourth Amendment. Said use of force ultimately caused the death of Decedent Jason Noriega.

46.    Also as set forth above, defendant DOES 4 through 6, inclusive, knowingly prematurely discharged Plaintiff's Decedent Jason Noriega from Arrowhead Regional Medical Center. At the time DOES 4 through 6, inclusive, discharged Jason Noriega, he

was showing obvious signs of being in a life-threatening condition and in serious need of medical attention. Defendants DOES 4 through 6, inclusive, knowingly discharged Jason Noriega prematurely and failed to provide him with medical care, in violation of the 8th and 14th Amendments to the United States Constitution.

47.     As a result of the actions and omissions of defendants DOES 1 through 6, inclusive shown above, said defendants knew that Jason Noriega faced a substantial risk of suffering serious and severe medical harm, as well as facing a serious medical need, from his being distributed dangerous narcotics.

48.     Moreover, as shown above, defendants DOES 1 through 3, inclusive, defendants DOES 1 through 6, inclusive, failed to attend to Jason Noriega, and failed to summon medical care for him.

49.     Defendants Does 4 through 6, inclusive, put Decedent Jason Noriega in substantial risk of suffering serious harm and did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable medical practitioner under the circumstances would have understood the high degree of risk involved.

50.     As a direct and proximate result of defendants DOES 1 through 6, inclusive's actions and omissions complained of above, plaintiff's decedent Jason Noriega suffered severe pre-death pain and suffering, severe pre-death mental and emotional injuries, pain and suffering, other general and special damages, as well as his death on January 13, 2023.

COMPLAINT FOR DAMAGES

51.     In addition, as a direct and proximate result of defendants DOES 1 through 6, inclusive's, actions and omissions complained of above, plaintiff's decedent Jason Noriega also suffered lost wages / profits and other income that plaintiff's decedent Jason Noriega would have earned / made / acquired during his lifetime, the hedonic damages to Jason Noriega caused by the loss of Jason Noriega's life[5], funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all of said injuries and damages to Jason Noriega totaling  an amount to be shown at trial, in excess of $20,000,000.00.

52.     The conditions of Jason Noriega's confinement described above,  namely the failure to summon immediate medical care for Jason Noriega, and the deliberate indifference of said DOE defendants to Jason Noriega's obvious serious medical condition constitutes, conduct by defendants DOES 1 through 6, inclusive, that was done maliciously and in reckless disregard plaintiff's decedent Jason Noriega's federal constitutional rights, sufficient for an award of punitive damages against defendants DOES 1 through 6, inclusive, in an amount in excess of $20,000,000.00 against each defendant.

/ / /

/ / /

/ / /

---

[5] That is, the value of decedent's life to him.

COMPLAINT FOR DAMAGES

17

**FOURTH CAUSE OF ACTION**
**Violation of 42 U.S.C. 42 § 1983**
**Substantive Due Process Rights – State-Created Danger**
**(U.S. Const. Amend. 14)**
**(Against Defendants DOES 1 through 6, inclusive)**

53.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

54.     As set forth above, on January 9, 2023 plaintiff's decedent Jason Noriega was arrested and taken into custody at the San Bernardino County Jail, West Valley Detention Center, in the Rancho Cucamonga, San Bernardino County, California where he was incarcerated as a pretrial detainee - inmate in that facility.

55.     Also as set forth above, thereafter, while in custody at the West Valley Detention Center, Jason Noriega was sold or otherwise provided with dangerous narcotic drugs by DOES 1 through 3, inclusive, while Jason Noriega was still in-custody and still confined as a pre-trial detainee and inmate at the West Valley Detention Center.

56.     Also as set forth above, also alternatively, following his January 9, 2023 confinement at the West Valley Detention Center, and while he was so confined at the West Valley Detention Center, Jason Noriega was provided with dangerous narcotic drugs by inmates at said jail, with defendants DOES 1 through 3, inclusive, knowing that said inmates at the jail were providing said dangerous narcotic drugs to other inmates at the jail, including knowing that Jason Noriega had been provided with dangerous narcotic drugs by defendants DOES 1 through 3, inclusive, and/or by inmates at said jail.

COMPLAINT FOR DAMAGES

57.     Also as set forth above, defendants DOES 1 through 3, inclusive, knew that dangerous narcotic drugs and/or along with other drugs, are deadly to humans.

58.     Also as set forth above, defendants DOES 1 through 3, inclusive, used unreasonable / excessive force against Plaintiff's Decedent Jason Noriega, in violation of the Fourth Amendment. Said use of force ultimately caused the death of Decedent Jason Noriega.

59.     Also as set forth above, defendant DOES 4 through 6, inclusive, knowingly prematurely discharged Plaintiff's Decedent Jason Noriega from Arrowhead Regional Medical Center. At the time DOES 4 through 6, inclusive, discharged Jason Noriega, he was showing obvious signs of being in a life threatening condition and in serious need of medical attention. Defendants DOES 4 through 6, inclusive, knowingly discharged Jason Noriega prematurely and failed to provide him with medical care, in violation of the 8th and 14th Amendments to the United States Constitution.

60.     As a result of the actions and omissions of defendants DOES 1 through 6, inclusive shown above, said defendants knew that Jason Noriega faced a substantial risk of suffering serious and severe medical harm, as well as facing a serious medical need, from his being distributed dangerous narcotics.

61.     Moreover, as shown above, defendants DOES 1 through 3, inclusive, defendants DOES 1 through 6, inclusive, failed to attend to Jason Noriega, and failed to summon medical care for him.

62.     The actions of DOES 1 through 6, inclusive, placed Jason Noriega in a position of an actual, particularized danger by creating or exposing Jason Noriega to a danger that he would not have otherwise faced.

63.     In doing so, defendants DOES 1 through 6, inclusive, acted with deliberate indifference to a known or obvious danger while Jason Noriega was in custody at the West Valley Detention Center and Arrowhead Regional Medical Center.

64.     These affirmative actions of defendants DOES 1 through 6, inclusive, that created the actual, particularized danger to Jason Noriega caused injury to Jason Noriega that was foreseeable.

65.     As a result of the actions of DOES 1 through 6, inclusive, under at least one of the alternative theories of liability factually set forth above, Jason Noriega faced a substantial risk of serious harm as well as facing a serious medical need.

66.     Defendants DOES 1 through 6, inclusive, were deliberately indifferent to that serious risk of serious physical harm posed to Jason Noriega by their conduct complained of herein, and said defendants knew of it and disregarded it by failing to take reasonable measures to address it; all in violation of plaintiff's decedent's rights under the Fourteenth Amendment to the United States Constitution.

67.     As a direct and proximate result of Defendants DOES 1 through 6, inclusive's, actions and omissions complained of above, plaintiff's decedent Jason Noriega suffered severe pre-death pain and suffering, severe pre-death mental and

emotional injuries, pain and suffering, other general and special damages, as well as his death on January 13, 2023.

68.     In addition, as a direct and proximate result of defendants DOES 1 through 6, inclusive's, actions and omissions complained of above, plaintiff's decedent Jason Noriega also suffered lost wages / profits and other income that plaintiff's decedent Jason Noriega would have earned / made / acquired during his lifetime, the hedonic damages to Jason Noriega caused by the loss of Jason Noriega' life, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all of said injuries and damages to Jason Noriega totaling an amount to be shown at trial, in excess of $20,000,000.00.

69.     The conditions of confinement described above, constitutes conduct by defendants DOES 1 through 6, inclusive, that was done maliciously and in reckless disregard plaintiff's decedent Jason Noriega' federal constitutional rights, sufficient for an award of punitive damages against defendants DOES 1 through 6, inclusive, in an amount in excess of $20,000,000.00 against each defendant.

**FIFTH CAUSE OF ACTION**
**Violation Of 42 U.S.C. § 1983**
**Deprivation Of Life Without Due Process Of Law**
**(U.S. Const. Amend. 14)**
**(Against Defendants DOES 1 through 10, inclusive)**

70.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 69, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES
21

71.    As set forth above, on January 9, 2023 plaintiff's decedent Jason Noriega was arrested and taken into custody at the San Bernardino County Jail, West Valley Detention Center, in the Rancho Cucamonga, San Bernardino County, California where he was incarcerated as a pretrial detainee - inmate in that facility.

72.    Also as set forth above, thereafter, while in custody at the West Valley Detention Center, Jason Noriega was sold or otherwise provided with dangerous narcotic drugs by DOES 1 through 3, inclusive, while Jason Noriega was still in-custody and still confined as a pre-trial detainee and inmate at the West Valley Detention Center.

73.    Also as set forth above, also alternatively, following his January 9, 2023 confinement at the West Valley Detention Center, and while he was so confined at the West Valley Detention Center, Jason Noriega was provided with dangerous narcotic drugs by inmates at said jail, with defendants DOES 1 through 3, inclusive, knowing that said inmates at the jail were providing said dangerous narcotic drugs to other inmates at the jail, including knowing that Jason Noriega had been provided with dangerous narcotic drugs by defendants DOES 1 through 3, inclusive, and/or by inmates at said jail.

74.    Also as set forth above, defendants DOES 1 through 3, inclusive, knew that dangerous narcotic drugs and/or along with other drugs, are deadly to humans.

75.    Also as set forth above, defendants DOES 1 through 3, inclusive, used unreasonable / excessive force against Plaintiff's Decedent Jason Noriega, in violation of the Fourth Amendment. Said use of force ultimately caused the death of Decedent Jason

Noriega.

76.   Also as set forth above, defendant DOES 4 through 6, inclusive, knowingly prematurely discharged Plaintiff's Decedent Jason Noriega from Arrowhead Regional Medical Center. At the time DOES 4 through 6, inclusive, discharged Jason Noriega, he was showing obvious signs of being in a life threatening condition and in serious need of medical attention. Defendants DOES 4 through 6, inclusive, knowingly discharged Jason Noriega prematurely and failed to provide him with medical care, in violation of the 8th and 14th Amendments to the United States Constitution.

77.   As a result of the actions and omissions of defendants DOES 1 through 6, inclusive shown above, said defendants knew that Jason Noriega faced a substantial risk of suffering serious and severe medical harm, as well as facing a serious medical need, from his being distributed dangerous narcotics.

78.   Moreover, as shown above, defendants DOES 1 through 3, inclusive, defendants DOES 1 through 6, inclusive, failed to attend to Jason Noriega, and failed to summon medical care for him.

79.   Accordingly, defendants DOES 1 through 6, inclusive, used excessive / unreasonable force and were deliberately indifferent to Jason Noriega' obvious medical need, as said defendants knew of it and disregarded it by failing to take reasonable measures to address it, to wit; to immediately summon medical care for Jason Noriega; all in violation of plaintiff's decedent's rights under the Eighth and Fourteenth

Amendments to the United States Constitution.

80.    The actions of defendants DOES 1 through 6, inclusive, as complained of above, that resulted in the death of plaintiff's decedent Jason Noriega, were done with a deliberate indifference to plaintiff's decedent Jason Noriega' life, and were done in a manner that shocks the conscience; all in violation of plaintiff's decedent Jason Noriega' right to his life under the Fourteenth Amendment to the United States Constitution.

81.    As a direct and proximate result of defendants DOES 1 through 6, inclusive's, actions and omissions complained of above, plaintiff's decedent Jason Noriega suffered the loss of his life; his hedonic damages, including loss of the rest of his natural life, and his right to the enjoyment of the rest of his life, and all of those joys, achievements and love that he would have experienced, but for said DOE defendants' conduct complained of above, in the amount of $20,000,000.00.

82.    The conduct by defendants DOES 1 through 3, inclusive, that was done maliciously and in reckless disregard plaintiff's decedent Jason Noriega' federal constitutional rights, sufficient for an award of punitive damages against defendants DOES 1 through 6, inclusive, in an amount in excess of $20,000,000.00 against each defendant.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

24

### SIXTH CAUSE OF ACTION
**Violation of 42 U.S.C. 42 § 1983**
**Successor-in-Interest Claims and Personal Liability Claims for Municipal**
**Liability (Monell Liability[6]), via Policy Created By**
**Longstanding Custom & Practice & Failure to Protect Inmates and Failure to**
**Discipline Jail Personnel**
**(Against COUNTY and DOES 7 through 10, inclusive)**

83. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 82, inclusive, above, as if set forth in full herein.

84. As set forth above, defendants DOES 7 through 10, inclusive, are supervisors and policy-making officials[7], including the Sheriff of San Bernardino County, the Undersheriff of San Bernardino County, the Sheriff's Assistant Sheriffs, Commanders, Captains, Lieutenants, Sergeants, Detectives and/or other Supervisory personnel employed by COUNTY[8] and/or the County Executive Officer and/or Members of the Board of Supervisors of San Bernardino County[9], whose actions and/or omissions proximately caused some or all of the tortious actions complained of in this action, whose identities are presently unknown to plaintiff.

85. Defendants DOES 7 through 10, inclusive, have known for many years now that deputy sheriffs, Sheriff's Special Officers, Custodial Assistants and other jail personnel at the San Bernardino County Jails have sold and/or distributed, and/or otherwise facilitated the sale and/or distribution of, and/or have otherwise condoned

---

[6] *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).
[7] Including the County Board of Supervisors and the County Executive Officer.
[8] And/or some other public entity.
[9] And/or some other public entity.

COMPLAINT FOR DAMAGES
25

and/or permitted inmates to sell and/or distribute, dangerous illicit and narcotic drugs, including methamphetamine, heroin and fentanyl to inmates at the San Bernardino County Jails, including the San Bernardino County Jail, West Valley Detention Center.

86.    Alternatively, defendants DOES 7 through 10, inclusive, have also known for many years now that as a result of San Bernardino County Sheriff's Department deputy sheriffs, Sheriff's Special Officers, Custodial Assistants and other jail personnel have sold and/or distributed, and/or otherwise facilitated the sale and/or distribution of dangerous illicit and narcotic drugs, including methamphetamine, heroin and fentanyl to inmates at the San Bernardino County Jails, including the San Bernardino County Jail, West Valley Detention Center, and/or have otherwise condoned and/or permitted inmates to sell and/or distribute, dangerous illicit and narcotic drugs, including methamphetamine, heroin and fentanyl to inmates at the San Bernardino County Jails, including the San Bernardino County Jail, West Valley Detention Center, and that as a direct and proximate result of said drug distribution to inmates at the San Bernardino County Jails, many San Bernardino County Jail inmates have died from the ingestion of such dangerous illicit and narcotic drugs.

87. Notwithstanding such knowledge that San Bernardino County Jails Personnel have for many years have sold and/or distributed, and/or otherwise facilitated the sale and/or distribution of, and/or have otherwise condoned and/or permitted inmates to sell and/or distribute, dangerous illicit and narcotic drugs, including

methamphetamine, heroin and fentanyl, to inmates at the San Bernardino County Jails, including the San Bernardino County Jail, West Valley Detention Center, the Command Personnel with the San Bernardino County Sheriff's Department, and including DOES 7 through 10, inclusive, failed to take any reasonable measures to prevent such dangerous illicit drugs / narcotics, such as: 1) screening San Bernardino County Jail deputy sheriffs, Sheriff's Special Officers, Custodial Assistants and other jail personnel for such dangerous illicit drugs / narcotics when they entered the San Bernardino County Jails, and such as posting canine / police dogs who are trained to detect such dangerous illicit drugs / narcotics in places where San Bernardino County Jail deputy sheriffs, Sheriff's Special Officers, Custodial Assistants and other jail personnel enter the San Bernardino County Jails; 2) using canine / police dogs who are trained to detect such dangerous illicit drugs / narcotics in throughout the San Bernardino County Jails; 3) actually and honestly investigating the identities of the San Bernardino County Jail personnel who were involved in selling and/or distributing, and/or otherwise facilitating the sale and/or distribution of, and/or have otherwise condoning and/or permitting inmates to sell and/or distribute, dangerous illicit and narcotic drugs, including methamphetamine, heroin and fentanyl, to inmates at the San Bernardino County Jails, and disciplining and/or terminating (from employment) and/or procuring the arrests and the criminal prosecutions of such San Bernardino County Jail personnel.

88. Moreover, this custom and practice of San Bernardino County Jail

deputy sheriffs, Sheriff's Special Officers, Custodial Assistants and other jail personnel of selling and/or distributing, and/or otherwise facilitating the sale and/or distribution of dangerous illicit and narcotic drugs, including methamphetamine, heroin and fentanyl to inmates at the San Bernardino County Jails, including the San Bernardino County Jail, West Valley Detention Center, and/or have otherwise condoning and/or permitting inmates to sell and/or distribute, dangerous illicit and narcotic drugs, including methamphetamine, heroin and fentanyl to inmates at the San Bernardino County Jails, including the San Bernardino County Jail, West Valley Detention Center, was so longstanding and pervasive, as to become the custom, practice and policy of the San Bernardino County Jails, including the West Valley Detention Center; the direct and proximate result of which was the drug overdose death of many San Bernardino County Jails inmates have died from the ingestion of such dangerous illicit and narcotic drugs.

89. Moreover, DOES 7 through 10, inclusive, and their predecessors in office have covered-up the role of San Bernardino County Jail personnel in the deaths of those San Bernardino County Jail inmates in the deaths of those San Bernardino County Jail inmates who died from the taking of such illicit and dangerous drugs.

90. As a proximate result of the actions and omissions of DOE 7 through 10, inclusive, as complained of in paragraph 101 and otherwise above, plaintiff's decedent Jason Noriega, died on January 13, 2023.

91. As a direct and proximate result of the actions and omissions of defendant

COUNTY, by and through DOES 7 through 10, inclusive, as complained of above, plaintiff Gilber Noriega suffered severe mental and emotional distress, pain and suffering, and the loss of the love, comfort, society, companionship and his Father – Son relationship with plaintiff's decedent Jason Noriega, as well funeral and burial expenses, hospital and other special damages; all of said injuries and damages to plaintiff Gilbert Noriega totaling, pursuant to the death of his son, Jason Noriega, an amount to be shown at trial, in excess of $20,000,000.00.

92. Also, as a direct and proximate result of the actions and omissions of defendant COUNTY, by and through DOES 1 through 10, inclusive, plaintiff's decedent Jason Noriega also suffered severe physical, mental and emotional distress, pain and suffering. lost wages / profits and other income that plaintiff's decedent Jason Noriega would have earned / made / acquired during his lifetime, the hedonic damages to Jason Noriega caused by the loss of Jason Noriega' life, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all of said injuries and damages to Jason Noriega totaling an amount to be shown at trial, in excess of of $20,000,000.00.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

29

## SEVENTH CAUSE OF ACTION
### Violation of 42 U.S.C. 42 § 1983
### Successor-in-Interest Claims and Personal Liability Claims for Municipal Liability (Monell Liability[10]), via Failure to Train
### (Against COUNTY and DOES 7 through 10, inclusive)

93. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 92, inclusive, above, as if set forth in full herein.

94. As set forth above, defendants DOES 1 through 6, inclusive, knew that dangerous narcotics are deadly to humans.

95. As a result of the distribution of dangerous narcotics distributed to plaintiff's decedent Jason Noriega while he was incarcerated as an inmate at the San Bernardino County Jail, West Valley Detention Center on or about January 9, 2023, Jason Noriega suffered an overdose of said dangerous narcotics, and went into serious and obvious medical extremis.

96. As a result of the actions and omissions of defendants DOES 1 through 3, inclusive shown above, said defendants knew that Jason Noriega faced a substantial risk of suffering serious and severe medical harm, as well as facing a serious medical need, from his being distributed dangerous narcotics.

97. Moreover, as shown above, defendants DOES 1 through 3, inclusive, defendants DOES 1 through 6, inclusive, failed to attend to Jason Noriega, and failed to summon medical care for him.

---

[10] *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

98.     Accordingly, defendants DOES 1 through 3, inclusive, were deliberately indifferent to Jason Noriega' obvious medical need, as said defendants knew of it and disregarded it by failing to take reasonable measures to address it, to wit; to immediately summon medical care for Jason Noriega; all in violation of plaintiff's decedent's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

99. In addition to the above and foregoing, as set forth above, defendants DOES 7 through 10, inclusive, are supervisors and policy-making officials[11], including the Sheriff of San Bernardino County, the Undersheriff of San Bernardino County, the Sheriff's Assistant Sheriffs, Commanders, Captains, Lieutenants, Sergeants, Detectives and/or other Supervisory personnel employed by COUNTY[12] and/or the County Executive Officer and/or Members of the Board of Supervisors of San Bernardino County[13], whose actions and/or omissions proximately caused some or all of the tortious actions complained of in this action, whose identities are presently unknown to plaintiff.

100.   Defendants DOES 7 through 10, inclusive, have known for many years now that inmates at the San Bernardino County Jails, including the West Valley Detention Center, have been overdosing on illicit dangerous drugs such as methamphetamine, heroin and fentanyl, and many of them have been dying from such drug overdoses.

---

[11] Including the County Board of Supervisors and the County Executive Officer.
[12] And/or some other public entity.
[13] And/or some other public entity.

101.   Said drug overdoses by inmates at the San Bernardino County Jails, including the San Bernardino County Jail, West Valley Detention Center, have over the years, and at the present time, become so frequent and recurring, that they have become usual and recurring situations with which they must deal with at the San Bernardino County Jails.

102.   Notwithstanding that defendants DOES 7 through 10, inclusive, have known for many years now that inmates at the San Bernardino County Jail, including the West Valley Detention Center, have been overdosing on illicit dangerous drugs such as methamphetamine, heroin and fentanyl, have become so frequent and recurring, that they have become usual and recurring situations with which they must deal with, COUNTY, by and through defendants DOES 7 through 10, inclusive, failed to adequately train San Bernardino County Jails deputy sheriffs and its custodial officers and its deputy aids, nurses, and other jail personnel on recognizing on how to recognize when jail inmates are suffering from severe medical distress that requires immediate medical attention and care, and has failed to train its deputy sheriff's, custodial officers, and other jail staff and jail medical personnel to immediately summon medical care for inmates who are suffering from severe medical distress.

103.   Defendant COUNTY, by and through defendants DOES 7 through 10, inclusive,  and their associate officers and predecessors, was deliberately indifferent to the obvious consequences of its failure to train its deputy sheriff's, custodial officers, and

other jail staff and jail medical personnel officers adequately on recognizing when jail inmates are suffering from severe medical distress that requires immediate medical attention and care, and its failure to train its deputy sheriff's, custodial officers, and other jail staff and jail medical personnel to immediately summon medical care for inmates who are suffering from severe medical distress from drug overdoses, such as when plaintiff's decedent Jason Noriega suffered such severe and obvious medical distress on January 13, 2023.

104.   As a direct and proximate result of the actions and omissions of defendant COUNTY, by and through DOES 7 through 10, inclusive, as complained of above, plaintiff Gilbert Noriega suffered severe mental and emotional distress, pain and suffering, and the loss of the love, comfort, society, companionship and his Father – Son relationship with plaintiff's decedent Jason Noriega, as well funeral and burial expenses, hospital and other special damages; all of said injuries and damages to plaintiff Gilbert Noriega totaling an amount to be shown at trial, in excess of $20,000,000.00.

105.   As a direct and proximate result of the actions and omissions of defendant COUNTY, by and through DOES 7 through 10, inclusive, as complained of above, plaintiff's decedent Jason Noriega suffered severe pre-death pain and suffering, severe pre-death mental and emotional injuries, pain and suffering, other general and special damages, as well as his death on January 13, 2023, as well as the loss of his life (hedonic damages), as well as lost wages / profits and other income that plaintiff's decedent Jason

Noriega would have earned / made / acquired during his lifetime, the hedonic damages to Jason Noriega caused by the loss of Jason Noriega' life, and other special damages; all of said injuries and damages to Jason Noriega totaling an amount to be shown at trial, in excess of $20,000,000.00.

**EIGHTH CAUSE OF ACTION**
**California State Law Claim for Wrongful Death**
**Cal. Civ. Proc. Code § 377.60**
**(Against all Defendants)**

106.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 105, inclusive, above, as if set forth in full herein.

107.   As set forth above, on January 9, 2023 plaintiff's decedent Jason Noriega was arrested and taken into custody at the San Bernardino County Jail, West Valley Detention Center, in the Rancho Cucamonga, San Bernardino County, California where he was incarcerated as a pretrial detainee - inmate in that facility.

108.   Also as set forth above, thereafter, while in custody at the West Valley Detention Center, Jason Noriega was sold or otherwise provided with dangerous narcotic drugs by DOES 1 through 3, inclusive, while Jason Noriega was still in-custody and still confined as a pre-trial detainee and inmate at the West Valley Detention Center.

109.   Also as set forth above, also alternatively, following his January 9, 2023 confinement at the West Valley Detention Center, and while he was so confined at the West Valley Detention Center, Jason Noriega was provided with dangerous narcotic drugs by inmates at said jail, with defendants DOES 1 through 3, inclusive, knowing that

COMPLAINT FOR DAMAGES

said inmates at the jail were providing said dangerous narcotic drugs to other inmates at the jail, including knowing that Jason Noriega had been provided with dangerous narcotic drugs by defendants DOES 1 through 3, inclusive, and/or by inmates at said jail.

110.   Also as set forth above, defendants DOES 1 through 3, inclusive, knew that dangerous narcotic drugs and/or along with other drugs, are deadly to humans.

111.   Also as set forth above, defendants DOES 1 through 3, inclusive, used unreasonable / excessive force against Plaintiff's Decedent Jason Noriega, in violation of the Fourth Amendment. Said use of force ultimately caused the death of Decedent Jason Noriega.

112.   Also as set forth above, defendant DOES 4 through 6, inclusive, knowingly prematurely discharged Plaintiff's Decedent Jason Noriega from Arrowhead Regional Medical Center. At the time DOES 4 through 6, inclusive, discharged Jason Noriega, he was showing obvious signs of being in a life threatening condition and in serious need of medical attention. Defendants DOES 4 through 6, inclusive, knowingly discharged Jason Noriega prematurely and failed to provide him with medical care, in violation of the 8th and 14th Amendments to the United States Constitution.

113.   As a result of the actions and omissions of defendants DOES 1 through 6, inclusive shown above, said defendants knew that Jason Noriega faced a substantial risk of suffering serious and severe medical harm, as well as facing a serious medical need, from his being distributed dangerous narcotics.

114.  Moreover, as shown above, defendants DOES 1 through 3, inclusive, defendants DOES 1 through 6, inclusive, failed to attend to Jason Noriega, and failed to summon medical care for him.

115.  Accordingly, defendants DOES 1 through 6, inclusive, breached their duty of due care that they owed to plaintiff's decedent Jason Noriega, and were deliberately indifferent to Jason Noriega' obvious medical need, as said defendants knew of it and disregarded it by failing to take reasonable measures to address it, to wit; to immediately summon medical care for Jason Noriega.

116.  Accordingly, the actions and omissions of defendants COUNTY and DOES 1 through 10, inclusive, were a proximate cause of the death of plaintiff's decedent Jason Noriega on January 13, 2023, and make them liable to plaintiff Gilbert Noriega, individually, for the wrongful death of plaintiff's decedent, Jason Noriega, under Cal. Civ. Proc. Code § 377.60.

117.  Moreover, defendants DOES 1 through 10, inclusive, and defendant COUNTY are liable to plaintiff by way of Cal. Gov't Code §§ 815.2 and 820.

118.  As a direct and proximate result of the actions and omissions of defendant COUNTY, by and through DOES 1 through 10, inclusive, as complained of above, plaintiff's decedent Jason Noriega suffered severe pre-death pain and suffering, severe pre-death mental and emotional injuries, pain and suffering, other general and special damages, as well as his death on January 13, 2023, as well as the loss of his life

(hedonic damages), as well as lost wages / profits and other income that plaintiff's decedent Jason Noriega would have earned / made / acquired during his lifetime, the hedonic damages to Jason Noriega caused by the loss of Jason Noriega' life, and other special damages; all of said injuries and damages to Jason Noriega totaling an amount to be shown at trial, in excess of $20,000,000.00.

119.   In addition, the actions of defendants DOES 1 through 10, inclusive, were done maliciously and oppressively, sufficient for an award of punitive damages against defendants DOES 1 through 10, inclusive, in an amount in excess of $20,000,000.00.

**NINTH CAUSE OF ACTION**
**California State Law Claim for Negligence**
**Cal. Civil Code § 1714**
**(Against Defendants DOES 1 through 10, inclusive)**

120.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 119, inclusive, above, as if set forth in full herein.

121.   As set forth above, on January 9, 2023 plaintiff's decedent Jason Noriega was arrested and taken into custody at the San Bernardino County Jail, West Valley Detention Center, in the Rancho Cucamonga, San Bernardino County, California where he was incarcerated as a pretrial detainee - inmate in that facility.

122.   Also as set forth above, thereafter, while in custody at the West Valley Detention Center, Jason Noriega was sold or otherwise provided with dangerous narcotic drugs by DOES 1 through 3, inclusive, while Jason Noriega was still in-custody and still

confined as a pre-trial detainee and inmate at the West Valley Detention Center.

123.   Also as set forth above, also alternatively, following his January 9, 2023 confinement at the West Valley Detention Center, and while he was so confined at the West Valley Detention Center, Jason Noriega was provided with dangerous narcotic drugs by inmates at said jail, with defendants DOES 1 through 3, inclusive, knowing that said inmates at the jail were providing said dangerous narcotic drugs to other inmates at the jail, including knowing that Jason Noriega had been provided with dangerous narcotic drugs by defendants DOES 1 through 3, inclusive, and/or by inmates at said jail.

124.   Also as set forth above, defendants DOES 1 through 3, inclusive, knew that dangerous narcotic drugs and/or along with other drugs, are deadly to humans.

125.   Also as set forth above, defendants DOES 1 through 3, inclusive, used unreasonable / excessive force against Plaintiff's Decedent Jason Noriega, in violation of the Fourth Amendment. Said use of force ultimately caused the death of Decedent Jason Noriega.

126.   Also as set forth above, defendant DOES 4 through 6, inclusive, knowingly prematurely discharged Plaintiff's Decedent Jason Noriega from Arrowhead Regional Medical Center. At the time DOES 4 through 6, inclusive, discharged Jason Noriega, he was showing obvious signs of being in a life threatening condition and in serious need of medical attention. Defendants DOES 4 through 6, inclusive, knowingly discharged Jason Noriega prematurely and failed to provide him with medical care, in violation of the 8th

and 14th Amendments to the United States Constitution.

127.   As a result of the actions and omissions of defendants DOES 1 through 6, inclusive shown above, said defendants knew that Jason Noriega faced a substantial risk of suffering serious and severe medical harm, as well as facing a serious medical need, from his being distributed dangerous narcotics.

128.   Moreover, as shown above, defendants DOES 1 through 3, inclusive, defendants DOES 1 through 6, inclusive, failed to attend to Jason Noriega, and failed to summon medical care for him.

129.   Accordingly, defendants DOES 1 through 10, inclusive, breached their duty of due care that they owed to plaintiff's decedent Jason Noriega, and thereby caused his death.

130.   Accordingly, the actions and omissions of defendants DOES 1 through 10, inclusive, were a proximate cause of the death of plaintiff's decedent Jason Noriega on January 13, 2023, and make them liable to plaintiff MS. VILLALOBOS, individually and as successor-in-interest to plaintiff's decedent Jason Noriega under Cal. Civil Code § 1714.

131.   Moreover, defendants DOES 1 through 10, inclusive, and defendant COUNTY are liable to plaintiff by way of Cal. Gov't Code §§ 815.2 and 820.

132.   As a direct and proximate result of the actions and omissions of defendant COUNTY, by and through DOES 7 through 10, inclusive, as complained of

above, plaintiff Gilbert Noriega suffered severe mental and emotional distress, pain and suffering, and the loss of the love, comfort, society, companionship and his Father – Son relationship with plaintiff's decedent Jason Noriega, as well funeral and burial expenses, hospital and other special damages; all of said injuries and damages to plaintiff Gilbert Noriega totaling an amount to be shown at trial, in excess of $20,000,000.00.

133.   As a direct and proximate result of the actions and omissions of defendant COUNTY, by and through DOES 7 through 10, inclusive, as complained of above, plaintiff's decedent Jason Noriega suffered severe pre-death pain and suffering, severe pre-death mental and emotional injuries, pain and suffering, other general and special damages, as well as his death on January 13, 2023, as well as the loss of his life (hedonic damages), as well as lost wages / profits and other income that plaintiff's decedent Jason Noriega would have earned / made / acquired during his lifetime, the hedonic damages to  Jason Noriega caused by the loss of Jason Noriega' life, and other special damages; all of said injuries and damages to Jason Noriega totaling an amount to be shown at trial, in excess of $20,000,000.00.

**TENTH CAUSE OF ACTION**
**California State Law Claim for Violation of Cal. Gov't Code § 845.6**
**Failure to Provide Immediate Medical Care**
**(Against Defendants DOES 1 through 6, inclusive)**

134.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 133, inclusive, above, as if set forth in full herein.

135.   As set forth above, on January 9, 2023 plaintiff's decedent Jason Noriega

COMPLAINT FOR DAMAGES

was arrested and taken into custody at the San Bernardino County Jail, West Valley Detention Center, in the Rancho Cucamonga, San Bernardino County, California where he was incarcerated as a pretrial detainee - inmate in that facility.

136.   Also as set forth above, thereafter, while in custody at the West Valley Detention Center, Jason Noriega was sold or otherwise provided with dangerous narcotic drugs by DOES 1 through 3, inclusive, while Jason Noriega was still in-custody and still confined as a pre-trial detainee and inmate at the West Valley Detention Center.

137.   Also as set forth above, also alternatively, following his January 9, 2023 confinement at the West Valley Detention Center, and while he was so confined at the West Valley Detention Center, Jason Noriega was provided with dangerous narcotic drugs by inmates at said jail, with defendants DOES 1 through 3, inclusive, knowing that said inmates at the jail were providing said dangerous narcotic drugs to other inmates at the jail, including knowing that Jason Noriega had been provided with dangerous narcotic drugs by defendants DOES 1 through 3, inclusive, and/or by inmates at said jail.

138.   Also as set forth above, defendants DOES 1 through 3, inclusive, knew that dangerous narcotic drugs and/or along with other drugs, are deadly to humans.

139.   Also as set forth above, defendants DOES 1 through 3, inclusive, used unreasonable / excessive force against Plaintiff's Decedent Jason Noriega, in violation of the Fourth Amendment. Said use of force ultimately caused the death of Decedent Jason Noriega.

140.   Also as set forth above, defendant DOES 4 through 6, inclusive, knowingly prematurely discharged Plaintiff's Decedent Jason Noriega from Arrowhead Regional Medical Center. At the time DOES 4 through 6, inclusive, discharged Jason Noriega, he was showing obvious signs of being in a life threatening condition and in serious need of medical attention. Defendants DOES 4 through 6, inclusive, knowingly discharged Jason Noriega prematurely and failed to provide him with medical care, in violation of the 8th and 14th Amendments to the United States Constitution.

141.   As a result of the actions and omissions of defendants DOES 1 through 6, inclusive shown above, said defendants knew that Jason Noriega faced a substantial risk of suffering serious and severe medical harm, as well as facing a serious medical need, from his being distributed dangerous narcotics.

142.   Moreover, as shown above, defendants DOES 1 through 3, inclusive, defendants DOES 1 through 6, inclusive, failed to attend to Jason Noriega, and failed to summon medical care for him.

143.   As a proximate result of defendants DOES 1 through 6, inclusive, failing to provide immediate medical care to and to obtain immediate medical care for plaintiff's decedent, he died on January 13, 2023.

144.   Accordingly, defendants DOES 1 through 6, inclusive, breached their duty of due care that they owed to plaintiff's decedent Jason Noriega under Cal. Gov't Code § 845.6, and were deliberately indifferent to Jason Noriega' obvious medical needs, as said

defendants knew of it and disregarded it by failing to take reasonable measures to address it, to wit; to immediately summon and provide medical care for Jason Noriega.

145.   As a direct and proximate result of the actions and omissions of defendant COUNTY, by and through DOES 1 through 6, inclusive, as complained of above, plaintiff's decedent Jason Noriega suffered severe pre-death pain and suffering, severe pre-death mental and emotional injuries, pain and suffering, other general and special damages, as well as his death on January 13, 2023, as well as the loss of his life (hedonic damages), as well as lost wages/profits and other income that plaintiff's decedent Jason Noriega would have earned/made/ acquired during his lifetime, and other special damages; all of said injuries and damages to Jason Noriega totaling an amount to be shown at trial, in excess of $20,000,000.00.

146.   In addition, the actions of defendants DOES 1 through 6, inclusive, were done maliciously and oppressively, sufficient for an award of punitive damages in an amount in excess of $20,000,000.00.

## ELEVENTH CAUSE OF ACTION
### BATTERY
### Under California State Law
### (Against COUNTY and DOES 1 through 3, inclusive)

147.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 146, inclusive, above, as if set forth in full herein.

148.   The actions committed by Defendants DOES 1 through 3, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence

COMPLAINT FOR DAMAGES

upon Decedent Jason Noriega, and constituted a battery of him by defendants DOES 1 through 3, inclusive under California state law.

149.   Defendants COUNTY and DOES 1 through 3, and each of them, are liable to the plaintiff for said battery of Decedent Jason Noriega, pursuant to Cal. Government Code §§ 815.2(a), 820 and otherwise pursuant to the common law.

150.   As a direct and proximate result of the actions of defendants DOES 1 through 3, inclusive, Decedent Jason Noriega was: 1) substantially physically, mentally and emotionally injured and shot to death, 2) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $20,000.000.00.

151.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff Jason Noriega's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

### TWELFTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against COUNTY and DOES 1 through 3, inclusive)**

152.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 151, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

153.    Defendants DOES 1 through 3, inclusive while working for the COUNTY and acting within the course and scope of their duties, intentionally committed acts of unreasonable and excessive force and violence against Decedent Jason Noriega; excessive force that would also be violative of that force proscribed by the Fourth Amendment to the United States Constitution without justification or excuse.

154.    Defendants DOES 1 through 3, inclusive, interfered with Decedent Jason Noriega's civil rights to be free from unreasonable searches and seizures to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

155.    On information and belief, Defendants intentionally and spitefully committed the above acts to discourage Decedent Jason Noriega from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

156.    Decedent Jason Noriega reasonably believed and understood that the violent acts committed by Defendants DOES 1 through 3, inclusive were intended to discourage him from exercising the above civil rights, to retaliate against him, or invoking such rights, or to prevent him from exercising such rights.

157.    Plaintiff bring this claim as successor-in-interest to Decedent Jason Noriega, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of

Decedent Jason Noriega's rights. Plaintiff incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $20,000,000.00.

158.   The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Decedent Jason Noriega's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $20,000,000.00.

159.   In addition, as a result of the actions of Defendants DOES 1 through 3, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages against said defendants, and each of them.

**THIRTEENTH CAUSE OF ACTION**
**MEDICAL NEGLIGENCE**
**Under California State Law**
**(Against COUNTY and DOES 4 through 6, inclusive)**

160.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 159, inclusive, above, as if set forth in full herein.

161.   As set forth above, on January 9, 2023 plaintiff's decedent Jason Noriega was arrested and taken into custody at the San Bernardino County Jail, West Valley Detention Center, in the Rancho Cucamonga, San Bernardino County, California where he was incarcerated as a pretrial detainee - inmate in that facility.

162.   Also as set forth above, defendant DOES 4 through 6, inclusive,

COMPLAINT FOR DAMAGES
46

prematurely discharged Plaintiff's Decedent Jason Noriega from Arrowhead Regional Medical Center. At the time DOES 4 through 6, inclusive, discharged Jason Noriega, he was showing obvious signs of being in a life-threatening condition and in serious need of medical attention. Defendants DOES 4 through 6, inclusive, discharged Jason Noriega prematurely and failed to provide him with medical care, in violation of the 8th and 14th Amendments to the United States Constitution.

163.   As a result of the actions and omissions of defendants DOES 4 through 6, inclusive shown above, said defendants knew that Jason Noriega faced a substantial risk of suffering serious and severe medical harm, as well as facing a serious medical need.

164.   Accordingly, defendants DOES 4 through 6, inclusive, breached their duty of due care that they owed to plaintiff's decedent Jason Noriega, and thereby caused his death.

165.   Defendants DOES 4 through 6, inclusive, failed to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful medical practitioners would use in the same or similar circumstances.

166.   Accordingly, the actions and omissions of defendants DOES 1 through 10, inclusive, were a proximate cause of the death of plaintiff's decedent Jason Noriega on January 13, 2023, and make them liable to plaintiff MS. VILLALOBOS, individually and as successor-in-interest to plaintiff's decedent Jason Noriega.

167.   Moreover, defendants DOES 1 through 10, inclusive, and defendant

COUNTY are liable to plaintiff by way of Cal. Gov't Code §§ 815.2 and 820.

168.   As a direct and proximate result of the actions and omissions of defendant COUNTY, by and through DOES 7 through 10, inclusive, as complained of above, plaintiff Gilbert Noriega suffered severe mental and emotional distress, pain and suffering, and the loss of the love, comfort, society, companionship and his Father – Son relationship with plaintiff's decedent Jason Noriega, as well funeral and burial expenses, hospital and other special damages; all of said injuries and damages to plaintiff Gilbert Noriega totaling an amount to be shown at trial, in excess of $20,000,000.00.

169.   As a direct and proximate result of the actions and omissions of defendant COUNTY, by and through DOES 7 through 10, inclusive, as complained of above, plaintiff's decedent Jason Noriega suffered severe pre-death pain and suffering, severe pre-death mental and emotional injuries, pain and suffering, other general and special damages, as well as his death on January 13, 2023, as well as the loss of his life (hedonic damages), as well as lost wages / profits and other income that plaintiff's decedent Jason Noriega would have earned / made / acquired during his lifetime, the hedonic damages to  Jason Noriega caused by the loss of Jason Noriega' life, and other special damages; all of said injuries and damages to Jason Noriega totaling an amount to be shown at trial, in excess of $20,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)  For a judgment against all defendants for compensatory damages,

b) For a judgment against all defendants, save defendant State of California and County of Riverside, for punitive damages;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

*/S/ Gregory Peacock*_____
GREGORY PEACOCK

*/S/ Jerry L. Steering*_____
JERRY L. STEERING

COMPLAINT FOR DAMAGES
49